## JOSEPH KUHNER

### v.

## ANTHONY GRIESBAUM.

NEW TRIAL—*verdict against the evidence.* In this case the verdict of the jury is not sustained by the evidence, and the judgment is, for that reason, reversed.

APPEAL from the Circuit Court of Clinton county; the Hon. SILAS L. BRYAN, Judge, presiding.

Mr. F. A. LIETZE, for the appellant.

Mr. G. VAN HOOREBEKE, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action on the case, brought by appellee, in the Clinton circuit court, against appellant, to recover damages for an alleged obstruction, by which water is so dammed up as to spread over and injure the lands of appellee. A demurrer was filed to the declaration, but was overruled by the court, whereupon defendant filed the general issue. A trial was had by the court, and a jury, who found the issue for the plaintiff, and assessed damages at $100. A motion for a new trial was entered, but it was overruled by the court, and judgment rendered upon the verdict, from which defendant prosecutes this appeal.

It appears from the evidence, that the parties own adjoining farms, appellee's to the west and appellant's to the east. It appears that on a corner of appellee's land, adjoining appellant's, there is a small pond, surrounded by low, flat ground, and that when there is a large quantity of water on the surface of the earth, either from rain or melting snow, it accumulates from the north, east and south, in the pond, which fills, and the water then spreads over the adjacent low and level ground. It clearly and unmistakably appears, from the evidence, that the water naturally flows westward, and would continue to do so if not obstructed. This is proved by a large number of witnesses who have known the premises many years, some of them more than a quarter of a century. Opposed to this evidence, appellee has introduced scarcely anything to rebut the clear and satisfactory evidence that the water naturally runs to the west, and even some of his own witnesses so testify.

From the evidence, this can not be a matter of conjecture. The ground was tried by a level, by the county surveyor, who found the inclination in the ground westward twenty-four inches in the length of twenty chains, and eighteen inches in

the next ten chains, where it enters a deep ravine. In leveling eastward, the first eight or nine chains from the pond was found to be very nearly level, but in the next eleven or twelve chains, the ground rises fourteen inches, and from thence eastward it continues to rise. The evidence of the surveyor is fully corroborated by his assistant; and in addition to their evidence, a large number of persons testify that they have long known the ground, and they all concur in saying that the water naturally runs to the west. This being true, and the evidence seems to establish the fact beyond all doubt, it is impossible that a dike or embankment erected on appellant's land should flow water back on appellee. Water must and will obey the laws of gravity, and run down hill. It is, no doubt, true, as stated by some of the witnesses, that it could be made to run eastward by a ditch five or six feet deep. But until a ditch of that depth shall be formed, it can not pass off in that direction. Again, it appears that appellee has a road on his east line and adjoining the land of appellant, thrown up above the level; and the evidence all concurs to establish the fact that there is no obstruction on appellant's land, but it is upon appellee's own ground, and seems to have been placed there before he purchased the farm, and was placed there with the knowledge and approval of the former owner. Inasmuch as the water naturally flows to the west, appellant is under no moral or legal obligation, by ditches or otherwise, to drain the water which accumulates upon appellee's land over his own. The law does not require it, and it would be unjust if it did. The evidence shows that a person, in a half of a day, could remove all obstructions, so as to permit the water to flow westward in its natural course. The evidence fails to sustain the verdict, and the court below should have granted a new trial.

For the error in overruling the motion for a new trial, the judgment of the court below must be reversed, and the cause remanded for further proceedings.

*Judgment reversed.*